BOSTON ACID MANUFACTURING COMPANY *vs.* HENRY E. MORING.

The provision of the Rev. Sts. *c.* 38, §§ 3, 4, requiring the choice of officers of a manufacturing corporation to be made annually at such time and place as the by-laws shall appoint, is not applicable to the first choice of officers of a joint stock company established by voluntary association under *St.* 1851, *c.* 133; and officers chosen at the first meeting of such an association may sign the certificate required by *St.* 1851, *c.* 133, § 4.

The certificate required by *St.* 1851, *c.* 133, § 4, may be filed in the office of the secretary of the Commonwealth before any part of the capital stock is paid in.

The giving of a bond by the treasurer of a manufacturing corporation is not a condition precedent to the organization of the corporation or to their right to sue.

In an action for the conversion of personal property, an answer alleging that the defendant had property of a like kind in his possession, but is ignorant whether any portion of it was the property claimed, is a conclusive admission of possession, upon proof that the property therein mentioned is the property claimed; and the use of such averment as an admission of possession against the defendant does not render other allegations in the answer evidence in his favor.

In an action for the conversion of merchandise, the plaintiff introduced evidence that he

wrote and sent to the defendant a letter demanding it, and received an answer which had been lost, and of the contents of which no evidence was given; that he called at the defendant's store and told his principal clerk that he wished to get the merchandise; that the clerk said the defendant was not in, and had advanced on the property all it was worth; that the plaintiff told the clerk that he wished to see the defendant, and afterwards repeatedly called at his store at such times as the clerk said he would probably be in, but could never find him. *Held*, that the defendant had no ground of exception to the refusal of the court to order a nonsuit, or to instruct the jury that the evidence was not sufficient to warrant them in finding a conversion of the property by the defendant.

ACTION OF TORT to recover the value of one hundred and seventy carboys of sulphuric acid, alleged to have been converted by the defendant.

The answer denied that the plaintiffs were a corporation established by law, or had complied with the requisitions of law establishing them a corporation ; and alleged that the defendant had a lot of one hundred and seventy five carboys in his possession, but was ignorant whether the carboys mentioned in the declaration were a portion of the same; and set up a special property in the carboys in his possession.

At the trial in the superior court of Suffolk at March term 1858, before *Huntington*, J., the defendant objected to the right of the plaintiffs as a corporation to maintain this action, upon grounds which are stated in the opinion. But the objections were overruled.

The plaintiffs, with other evidence, relied on the answer as an admission that the carboys had come into the defendant's possession. The defendant objected to the use of the answer as evidence for the plaintiffs, and contended that if it was so used, he was entitled to the benefit of the facts therein stated in his favor. But the judge ruled that, if the jury were satisfied upon the other evidence in the case that the carboys mentioned in the answer as in the possession of the defendant were the identical carboys in controversy, that might be used as an admission of possession by the defendant against himself, but that the allegations in his own favor must be sustained by proof.

The plaintiffs introduced evidence that a letter was written and sent by their treasurer to the defendant, demanding the

property, a copy of which was produced; and that the plaintiffs received an answer, which was not produced because it had been lost, and of the contents of which no evidence was given. An agent of the plaintiffs testified that by their directions he called at the defendant's store; was told by his principal clerk that he was not then in; told the clerk that he wished to get the car-boys, and would pay the charges on them; and the clerk said that the defendant had advanced on the property all it was worth; that he then told the clerk that he should like to see the defendant, and afterwards called five or six times at the store to see him, at such times as the clerk said he would probably be in, but never could find him. The defendant requested the court to order a nonsuit, or to instruct the jury that there was no sufficient evidence to warrant them in finding a conversion of the property by the defendant. But the judge declined. The verdict was for the plaintiffs, and the defendant alleged exceptions.

*C. A. Welch,* for the defendant.

*C. P. Judd,* for the plaintiffs.

MERRICK, J. The defendants contend that the plaintiffs are incapable of maintaining this action, upon the ground that the original associates never so far complied with the provisions of the act relating to joint stock companies as to constitute them a body politic and corporate, under the name which they assumed in their articles of association. *St.* 1851, *c.* 133. But their only alleged omissions and deficiencies in this respect are that the officers by whom the certificate, mentioned in the fourth section of the statute, was signed, were not chosen agreeably to the provisions of the 38th and 44th chapters of the revised statutes; that no part of the capital stock of the company had been paid in when their certificate was made and deposited with the secretary of the Commonwealth; and that their treasurer had not then given bonds for the faithful discharge of his duty, according to the requirements of law. Upon examination of the provisions of the statutes, it appears very clear that the position of the defendants cannot be supported upon either of these supposed and alleged defects.

By the fourth section of the 38th chapter of the revised stat-

utes, the directors and treasurer of a corporation are to be chosen annually by the stockholders at such time and place as shall be provided by the by-laws of the company. But this provision is obviously inapplicable to the first choice of officers by persons associating themselves together, and proceeding to create and constitute themselves a body politic under the act relating to joint stock companies. No by-laws can be adopted by or for a corporation, before the corporation itself is created. But when the associates first meet together in pursuance of their articles of association, and then commence the initiatory steps towards constituting themselves a body politic and corporate, they may and must determine the manner in which all needful officers shall be elected. And this is equally within the letter and spirit of the provisions of § 1 of the 44th chapter of the revised statutes, that all corporations, where no provision therefor is specially made, may elect in such manner as they shall determine to be proper all officers necessary for the conduct of their affairs. This is what was in fact done when the proprietors and associates proceeded to organize the plaintiff corporation ; and it was all that was required, or even possible for them then to do. Of course it cannot be said that there was in this respect any failure on their part, or omission to do what was necessary to constitute a complete organization of the company. And no assessment having been levied, nor any call made for the payment of any part of the capital stock of the company, at the time when the certificate deposited with the secretary of the Commonwealth was signed by the president, directors and treasurer, they could only certify to the facts as they existed. This was therefore a sufficient compliance with the requirement of the law upon that subject. Having been thus duly organized, the associates became a corporation, with all the powers and privileges, and subject to all the duties, restrictions and liabilities, incident to that relation. The treasurer should have thereupon given a bond for the faithful discharge of his duties But this was not essential to the constitution of the body politic but is rather a precaution subsequently to be taken for the benefit of its stockholders. It would seem indeed to be a security which

could only be obtained after the corporation should come into existence ; for if a bond is to be taken by them from one of their officers, the corporation must first act upon the subject, and determine what should be its terms and to whom it should be given. It is a necessary conclusion from these considerations, it not being suggested that there is any other imperfection or irregularity in their proceedings than those above referred to, that there is no foundation for the objection that the plaintiffs are incapable, in consequence of any defect in their organization, of maintaining the present action.

2. The defendant, in his answer, said that he had one hundred and seventy five carboys of acid in his possession, but that he was ignorant whether the one hundred and seventy carboys mentioned in the plaintiffs' writ were a portion of the same ; and he proceeded further to aver that he had a special property in all the carboys in his possession, and the grounds upon which he asserted and would maintain that claim. By the provisions of the 75th section of the 312th chapter of the statutes of 1852, the allegations in a writ or answer bind the party by whom they are made, but are not otherwise to be deemed evidence upon the trial. It was therefore correctly ruled by the court, that if the jury were satisfied, upon the other evidence in the case, that the carboys referred to in the answer as in possession of the defendant were the identical carboys in controversy, his allegations to that effect in his answer might be used as an admission of possession by defendant against himself. By the terms of the statute, his allegations concerning them might not only be treated as an admission, to be regarded as evidence against himself, but as a statement by which he was conclusively bound. This is so in relation to each and all his averments, that while he is himself bound by these allegations, they can be availed of by him only so far as they may be established as facts by competent evidence.

3. The court also properly declined, in compliance with the request of the defendant, to order a nonsuit, or to rule that there was no sufficient evidence in the case to authorize the jury to find a verdict for the plaintiffs. The evidence was circumstan-

tial, and its effect was to be determined by the jury. There is no motion now before this court to grant a new trial upon the ground that the verdict was against the weight of evidence. We have only to consider whether the court erroneously declined to accede to the defendant's request; and upon this question we think there can be no doubt. The effect to be given to the evidence was strictly within the province of the jury, and it was therefore correctly submitted to them. But we do not discover from an examination of that which is reported in the bil. of exceptions that they fell into any error in regard to it, which requires or would justify the intervention of the court to set aside or disturb their verdict. *Exceptions overruled.*